**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CHERRY DIETZMANN, individually;
J.A., II, minor, by and through his mother
and guardian Cherry Dietzmann; D.A.,
minor, by and through her mother and
guardian, Cherry Dietzmann,

    Plaintiffs - Appellees,

 v.

WILLIAM HUTT, Sergeant; DAVID
SHEALY, Sergeant; STACY LUCK,
Officer,

    Defendants - Appellants,

 and

THE HOMER POLICE DEPARTMENT;
MARK ROBL, Homer Police Chief;
LAWRENCE KUHNS, Sergeant,

    Defendants,

 v.

UNITED STATES OF AMERICA;
UNITED STATES MARSHAL'S

No. 10-36098

D.C. No. 3:09-cv-00019-RJB

MEMORANDUM[*]

---

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

OFFICE; KEVIN GUINN; JOHN OLSON, Jr.,

       Defendants-third-party-plaintiffs,

  and

CITY OF HOMER,

       Defendant-third-party-plaintiff - Appellant,

  v.

JASON ANDERSON, Sr.,

       Third-party-defendant.

Appeal from the United States District Court
for the District of Alaska
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted June 25, 2012
Anchorage, Alaska

Before: GOODWIN, W. FLETCHER, and M. SMITH, Circuit Judges.

This interlocutory appeal arises from the denial of qualified immunity to three City of Homer, Alaska, police officers (the "Homer Defendants") for claims brought against them under 42 U.S.C. § 1983 and Alaska state law. The claims emanate from events surrounding a shootout at the Homer airport during the attempted arrest of

2

fugitive Jason Anderson. As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.

We have jurisdiction as to the denial of qualified immunity on the federal claims because after taking all inferences in the Plaintiffs' favor, the issue on appeal is whether the facts demonstrate a violation of Plaintiffs' clearly established, constitutional rights. *Kennedy v. City of Ridgefield*, 439 F.3d 1055, 1059–60 (9th Cir. 2006). We have jurisdiction as to the denial of qualified immunity on the Alaska state law claims because under Alaska law qualified immunity "functions as an immunity from suit" as opposed to a "defense to liability." *See Liberal v. Estrada*, 632 F.3d 1064, 1074 (9th Cir. 2011); *see also Olson v. City of Hooper Bay*, 251 P.3d 1024, 1030–31 n.18 (Alaska 2011) (referencing the Alaska qualified immunity statute). The district court concluded that there were genuine issues of material fact that precluded granting qualified immunity to the Homer Defendants. We agree and affirm.

The record reflects factual disputes including whether the children were hostages in Anderson's car at the time of the shootout, whether the Homer Defendants had time to deliberate the decision to join the attempted arrest at the airport, and whether their actions during the execution of that attempted arrest were a reasonable use of force. As the district court concluded, these factual disputes require the denial of summary judgment on qualified immunity. *See Mendocino Envtl. Ctr. v.*

3

*Mendocino Cnty.*, 192 F.3d 1283, 1296 (9th Cir. 1999); *Crawford v. Kemp*, 139 P.3d 1249, 1256, 1259 (Alaska 2006).

AFFIRMED.